Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

United States Courts
Southern District of Texas
FILED

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas    ☉

Houston Division

APR 2 9 2025

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| Asia E. Howard | ) | Case No. _____ |
| | ) | *(to be filled in by the Clerk's Office)* |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | Jury Trial: *(check one)* ☑Yes ☐No |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) ) ) ) | |
| -v- | ) | |
| | ) | |
| St. Thomas Episcopal Church and School | ) | |
| Kelly Cmaidalka | ) | |
| Bill Mott | ) | |
| "see attached" | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Asia E. Howard |
| Street Address | 15418 W Hutchinson Circle |
| City and County | Houston, Harris |
| State and Zip Code | Texas, 77071 |
| Telephone Number | (281) 660-0702 |
| E-mail Address | ahoward_volleyball98@hotmail.com |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

Name                                Bill Mott

Job or Title *(if known)*           Headmaster

Street Address                      4900 Jackwood St.

City and County                     Houston, Harris

State and Zip Code                  Texas, 77096

Telephone Number                    (713) 666-3111

E-mail Address *(if known)*         mott.bill@stes.org

Defendant No. 2

Name                                Kelly Cmaidalka

Job or Title *(if known)*           Chief Business Officer

Street Address                      4900 Jackwood St.

City and County                     Houston, Harris

State and Zip Code                  Texas, 77096

Telephone Number                    (713) 296-6737

E-mail Address *(if known)*         cmaidalka.kelly@stes.org

Defendant No. 3

Name                                Jeri Wisdom

Job or Title *(if known)*           Human Resources Director

Street Address                      4900 Jackwood St.

City and County                     Houston, Harris

State and Zip Code                  Texas, 77096

Telephone Number                    (713) 666-3111

E-mail Address *(if known)*         wisdom.jeri@stes.org

Defendant No. 4

Name                                Tim Wainright

Job or Title *(if known)*           Head of Upper School

Street Address                      4900 Jackwood St.

City and County                     Houston, Harris

State and Zip Code                  Texas, 77096

Telephone Number                    (713) 666-3111

E-mail Address *(if known)*         wainwright.tim@stes.org

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | St. Thomas Episcopal Church and School |
| Street Address | 4900 Jackwood St. |
| City and County | Houston, Harris |
| State and Zip Code | Texas, 77096 |
| Telephone Number | (713) 666-3111 |

### II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑    Other federal law *(specify the federal law)*:
Family Medical and Leave Act

☐    Relevant state law *(specify, if known)*:

☐    Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐    Failure to hire me.

☑    Termination of my employment.

☐    Failure to promote me.

☐    Failure to accommodate my disability.

☐    Unequal terms and conditions of my employment.

☑    Retaliation.

☑    Other acts *(specify)*:    Obstruction of correspondence, Failure to follow bylaws, employee handbook, defamation and appeal process.
_____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)
August 5th, 2024
_____

C.    I believe that defendant(s) *(check one)*:

☐    is/are still committing these acts against me.

☑    is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☐    race    _____

☐    color    _____

☑    gender/sex    Pregnancy _____

☐    religion    _____

☐    national origin    _____

☐    age *(year of birth)* _____    *(only when asserting a claim of age discrimination.)*

☐    disability or perceived disability *(specify disability)*

_____

E.    The facts of my case are as follows. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

SEE ATTACHED

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A.     It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*
August 26th, 2024

B.     The Equal Employment Opportunity Commission *(check one)*:

☐     has not issued a Notice of Right to Sue letter.

☑     issued a Notice of Right to Sue letter, which I received on *(date)*    2/11/2025    .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.     Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐     60 days or more have elapsed.

☐     less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

SEE ATTACHED

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:  _____

Signature of Plaintiff       _____

Printed Name of Plaintiff    _____

### B.    For Attorneys

Date of signing:  _____

Signature of Attorney        _____

Printed Name of Attorney     _____

Bar Number                   _____

Name of Law Firm             _____

Street Address               _____

State and Zip Code           _____

Telephone Number             _____

E-mail Address               _____

Page 6 of 6

Print          Save As          Add Attachment                    Reset

Additional Page of Listed Defendants

Jeri Wisdom

Tim Wainright

Vu Ly

Christopher Twine

I. The Parties to This Complaint

B. The Defendant(s)

Defendant No. 5

Name Vu Ly

Job or Title (if known) Head of Middle and Lower School

Street Address 4900 Jackwood St.

City and County Houston, Harris

State and Zip Code Texas, 77096

Telephone Number (713) 666-3111

E-mail Address (if known) ly.vu@stes.org

Defendant No. 6

Name Christopher Twine

Job or Title (if known) Director of Athletics

Street Address 4900 Jackwood St.

CASE NO.                                                                                              Ext 1

City and County Houston, Harris

State and Zip Code Texas, 77096

Telephone Number (713) 666-3111

E-mail Address (if known) twine.chris@stes.org

III. Statement of Claim

E. The facts of my case are as follows. Attach additional pages if needed.

1. Hired at St. Thomas Episcopal Church and School in August of 2021 as a part- time PE teacher and MS Volleyball Coach. (Exhibit )

2. In May of 2022, I signed a letter offering a position for the 2022-2023 school year.

3. In January 2023, I transitioned from part-time to full time at St. Thomas Episcopal Church and School. Taking over the other part time PE teacher's position. St. Thomas Episcopal Church and School now have three female PE Coaches and one male.

4. In May of 2023, I signed a letter offering a position for the 2023-2024 school year.

5. In August of 2023, Oliver Kelly was hired as a full time PE teacher. St. Thomas Episcopal now employees three female coaches, and two male coaches.

6. On the 14 th of November 2023, Oliver Kelly went to IT to add him and myself to the - all school faculty email.

7. In April of 2024, I informed my fellow co-workers that I was pregnant.

8. In May of 2024, I informed my supervisor, Athletic Director, Christopher Twine that I was pregnant.

9. In May of 2024, Coach Terri Petties, Athletic Director Christopher Twine, and myself discussed running a volleyball camp on campus during the summer. Coach Terri Petties' daughter, Sania Petties would run the clinic with me for profit. This camp was approved by Athletic Director, Christopher Twine.

10. In May of 2024, I signed a letter offering a position for the 2024-2025 school year for an estimated salary around $45,000.

11. In June of 2024, Athletic Director Christopher Twine received a call about the camp. This information was relayed to me by Athletic Director, Christopher Twine on the 19 th of June at 10:26am. The Athletic Director, Christopher Twine informed me that a parent

12. called the Headmaster to ask if the volleyball camp was in accordance with the school. Athletic Director, Christopher Twine assured me that I was fine to continue the camp alongside, Sania Petties.

13. In late July of 2024, I emailed HR, Jeri Wisdom, requesting information about maternity leave as was not aware of FMLA. Jeri responded within a few days via email that I qualify for FMLA, and ask me to come in office to discuss. She informed me she would be in office on Wednesday's. As I was unavailable to meet on July 31 st , we scheduled to meet on August 7 th , 2024.

14. I received a meeting request via email on the 1 st of August of 2024 from Jeri Wisdom with Kelly Cmaidalka, Vu Ly, and Tim Wainright cc'ed on it.

15. On the 4 th of August of 2024, Athletic Director Christopher Twine called me at 6:10pm. He called to inform me that he was unsure what the meeting request was for, but was wary that school leadership might conduct cuts in salary for the budget.

16. On the 5 th of August of 2024, Jeri Wisdom, Kelly Cmaidalka, Vu Ly, and Tim Wainright released me of my employment and stated that due to low enrollment a reduction in force would happen due to financial challenges within the institution. When asked why I was chosen, Tim Wainright said that across campus the reduction in force would impact eight

17. individuals and was not limited to the athletic department. Wainright further stated that my full time teaching responsibilities would be handed off to other folks on campus.

18. On the 7 th of August of 2024, I emailed Jeri Wisdom asking; about the timeline process for the last payment, the lack of signature block on my severance letter, no reference to FMLA, no reference to who authorized the release of employment, a request for a severance paper to sign, and the appeal process.

19. Jeri Wisdom replied via email on the 8 th of August of 2024, she stated that; August 15 th will be the payment of the last paycheck, the decision of my release was made by school leadership so there is not one signature block, FMLA was not addressed as the school would not have started the process until I deliver or inform that I would have to go out to

prepare for labor, and offered to send a severance paper to sign or I could respond via email with my decision, and that due to budgetary constraints I was not allowed to appeal.

20. On the 8 th of August of 2024, I replied via email to Jeri Wisdom, requesting a copy of the employee manual, a severance document to sign along with the signatures of school leadership, and my rights to appeal to the process, and the address to the EEOC.

21. On the 11 th of August of 2024, my school email was disabled where the correspondence between Jeri Wisdom and myself occurred. I was not able to log in to my FACTS account due to being disabled from my school email.

22. On the 12 th of August of 2024 at 1:43pm, Jeri Wisdom responded to my personal email; with a copy of the employee manual, that the written notice I received on August 5 th, 2024 was the only notice the school was required to give me concerning my termination and does not require signatures from school leadership; the school does not have a formal appeal process but I am able to schedule a meeting to discuss my employment status, and that the school still needs my decision regarding the severance options. If I did not respond by three pm the school would choose my severance option for me.

23. On the 13 th of August of 2024, I received a call from Terri Petties that Kelly Cmaidalka offered to rehire her. Coach Terri Petties confirmed that she would go in on the 14 th of August in the morning to discuss the details.

24. On the 15 th of August of 2024, I interviewed with Copy Doctor. I was hired on the 17 th of August of 2024 via phone call from Clara De La Roche, the starting pay would be $18.50 an hour for part time, six hours a day.

25. On the 16 th of August of 2024, I mailed two letters via certified mail. One to the business office requesting my personnel file, and the second letter was addressed to the school board requesting a grievance meeting.

26. On the 20 th of August of 2024, I called Terri Petties and asked if she could provide a witness statement. She responded that she would get back to me.

27. On the 26 th of August of 2024, I filed a charge with the EEOC.

28. On the 27 th of August of 2024, I filed for unemployment which I received denial for on the 13 th of September of 2024.

29. On the 16 th of August of 2024, I mailed two letters via certified mail. One to the business office requesting my personnel file, and the second letter was addressed to the school board requesting a grievance meeting.

CASE NO.                                                                Ext  1

30. On the 28 th of August of 2024, I received an email from Jeri Wisdom at 12:21pm

providing my personnel file which was incomplete.

31. On the 28 th of August of 2024, I received a call from Terri Petties at 8:13pm for a

duration of fifteen minutes; she stated that she would no longer write a witness statement

32. in fear of losing her job again. She also stated that the school is aware of my charge with

the EEOC and that Kelly Cmaidalka and Christopher Twine was not aware of my

pregnancy. Athletic Director, Christopher Twine was told of my pregnancy in May of

2024, and that I would be due in December of 2024.

33. On the 30 th of August of 2024, Ann Seitz (Assistant of the headmaster) emailed me

writing on behalf of the headmaster asking to schedule a meeting for the week of

September 9 th , 2024 to discuss my concerns and the resolution I was seeking.

34. On the 30 th of August of 2024, emailed the EEOC (Carine Jean-Marie Pierre) informing

her of the recent emails received at 4:25pm.

35. On the 5 th of September of 2024, I sent out two more letters via USPS. One was

addressed to the business office inquiring if the personnel file provided by Jeri Wisdom

was a complete personnel file, and the second letter was addressed to the school board.

36. On the 10 th of September of 2024, the EEOC sent an email saying that my charge is

appropriate for early mediation. I accepted for early mediation on

CASE NO. _____                                          Ext 1

37. On the 20 th of September of 2024, I received an email announcing that St. Thomas

Episcopal Church and School completed their first week of the fundraiser, raising over

$100,000.

38. On the 23 rd of September of 2024, I received the letter addressed to the school board back

stating that it had an insufficient address on it. On my behalf, my father mailed out the

same letter addressed to the school board in care of Bill Mott, later that day.

39. On the 4 th of October of 2024, I received and email from St. Thomas Episcopal Church

and School stating that by week three of their fundraiser, the school has managed to raise

$188,000 dollars.

40. On the 3rd of October of 2024, I received a call from Michael Anderson from the EEOC

to set a date for the mediation. The date was set for the 23 rd of October of 2024. He stated

that an email with more information would follow.

41. On the 3 rd of October of 2024, I received an email from Michael Anderson with the

confirmation of mediation document attached.

42. On the 18 th of October of 2024, I received an email from Michael Anderson with the

information for the zoom link for the mediation set on the 23 rd of October of 2024.

43. On the 23 rd of October of 2024, I received another email from Michael Anderson with a

link for the zoom meeting set to happen that day. The outcome of the mediation meeting

was unsuccessful.

CASE NO. Ext 1

44. Took leave from Copy Doctor, unpaid on the 6 th of December of 2024. On the 9 th of December of 2024, I birthed my daughter.

45. I returned to work at Copy Doctor on the 14 th of January of 2025. Starting the week of January 20 th of 2025, my hours would be reduced from six hours daily to four hours daily. I was released from employment at Copy Doctor on the 19 th of February of 2025.

46. On the 24 th of January of 2025, I emailed Brittany Gibson per the St. Thomas Episcopal Church and School website regarding my FACTS accounts, and asked for her to update my email from my past work email to my personal email. This email has had no response to date.

47. On the 27 th of January of 2025, I received an email from Carine Pierre of the EEOC requesting a rebuttal to the Respondent's position statement along with the remedies that I am seeking.

48. On the 29 th of January of 2025, I responded to Carine Pierre with the remedies that I am seeking via email.

49. On the 30 th of January of 2025, Carine Pierre of the EEOC responded via email to provide a breakdown of the amount I am seeking and informed me that the cap for compensatory damages is $100,000.

CASE NO.                                                                                      Ext 1

50. On the 31 st of January of 2025, I provided Carine Pierre of the EEOC a complete breakdown of the amount of damages I am seeking via email.

51. On the 7 th of February of 2025, Carine Pierre of the EEOC emailed me that the Respondent (St. Thomas Episcopal Church and School) counteroffered for $14,000, and that this amount would be their final offer. She further stated that if I do not choose to accept this counteroffer, she will issue the Notice of Rights to Sue letter and stated that I would need to respond by the 10 th of February of 2025.

52. On the 10 th of February of 2025, I responded to Carine Pierre of the EEOC that I do not accept St. Thomas Episcopal Chruch and School's final counteroffer, and further asked if a letter of determiantion will also be issued.

53. On the 11 th of February of 2025, I was issued a letter of determination and Notice of Rights to Sue letter from the EEOC.

54. On the 11 th of March of 2025, I Interviewed with Renaissance Design and Construction. I went in for a second interview on the 14 th of March of 2025. I started work for Renaissance Design and Construction on the 1 st of April of 2025.

CASE NO. Ext 1

## V. Relief

Damages Sought for Violation of Title VII of the Civil Rights Act of 1964:

Back Pay minus current earnings - $23,570.55

From Pay for the remainder of the 2024-2025 school year - $11,250

Compensatory and Punitive Damages;

Damages sought for mental anguish, emotional distress, loss of enjoyment for the remainder duration of my pregnancy, denial of my rights to appeal, refusal to respond to requests, and insufficient personnel records. Defamation of my character.

| | |
|---|---|
| Back Pay - | $23,570.55 |
| Front Pay - | $11,250.00 |
| Total x2 - | $69,641.10 |

Damages sought for violation of the Family Medical and Leave Act 29 U.S.C. § 2615(b):

Back Pay minus current earnings - $23,570.55

From Pay for the remainder of the 2024-2025 school year - $11,250

Liquidated Damages - $69,641.10